IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MITCHELL PETOLILLO, *on behalf himself and others similarly situated*,<br><br>　　Plaintiff,<br><br>v.<br><br>CONCEPT SOFTWARE & SERVICES, INC.<br><br>　　Defendant. | CIVIL ACTION NO.<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Named Plaintiff Mitchell Petolillo ("Named Plaintiff"), by and through his undersigned counsel, brings this action on behalf of himself and others similarly situated against Defendant Concept Software & Services, Inc. ("CSS") and states and alleges as follows:

### NATURE OF THE ACTION

1.　This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA") alleging that Defendant CSS failed to pay Named Plaintiff and others similarly situated the correct amount of minimum and overtime wages during their employment.

1

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction over the claims of Named Plaintiff and others similarly situated pursuant to 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and LR 3.1(B), NDGa., because a substantial part of the events or omissions giving rise to Named Plaintiff's claims, as described in this complaint, occurred within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Named Plaintiff is a citizen of the State of Georgia who resides in Gwinnett County.

5. According to Defendant CSS's registration with the Georgia Secretary of State, Defendant CSS is a profit corporation with its principal office located at 11600 Atlantis Place, Suite # E, Alpharetta, Georgia 30022.

6. Defendant CSS may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Ravindra Bhave, at 7094 Peachtree Industrial Boulevard, #250, Norcross, Georgia 30071.

7. Defendant CSS is an enterprise "that has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person engaged in interstate

commerce and/or the production of goods for commerce." 29 U.S.C. § 203(s)(1)(A)(i).

8. At times relevant to this action, Defendant CSS had at least $500,000.00 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

9. Defendant CSS employed Named Plaintiff and others similarly situated who were engaged in commerce and/or the production of goods for commerce.

10. At all times relevant to this action, Defendant CSS was an "employer" within the meaning of 29 U.S.C. § 203(d).

11. At all times relevant to this action, Named Plaintiff and others similarly situated were "employees" within the meaning of 29 U.S.C. § 203(e).

12. Named Plaintiff and others similarly situated are individuals who have received payment from Defendant CSS for serving as Programmer Trainees and/or Programmer Interns and/or Software Engineer Trainees and/or Software Engineer Interns and/or Software Engineers within the three years prior to the filing of this lawsuit and continuing through the duration of this action ("Programmers").

13. Named Plaintiff has consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). A true and correct copy of Named Plaintiff's signed consent form is attached as Exhibit A.

14. Other Programmers have expressed interest in joining this lawsuit. *See, e.g.*, Exhibit B, which is a true and correct copy of the consent form signed by Reuben Otero; Exhibit C, which is a true and correct copy of the consent form signed by Reggie Jackson; Exhibit D, which is a true and correct copy of the consent form signed by John Sterling Robertson; and Exhibit E, which is a true and correct copy of the consent form signed by Louis McAlister, Jr.

15. As the case proceeds, other Programmers will likely sign consent forms and seek to join this action.

## FACTUAL ALLEGATIONS IN SUPPORT OF NAMED PLAINTIFF'S CLAIMS ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED

16. Defendant CSS is a software solutions and comprehensive IT consulting company with an emphasis in custom software development and IT Talent acquisition.

17. Programmers worked at Defendant CSS's Norcross, Georgia, and Alpharetta, Georgia, locations.

18. Named Plaintiff worked at Defendant CSS's locations from October 2011 until April 2012.

19. Defendant CSS's Intern to Full Time Employment Agreement ("Employment Agreement") describes for several job duties expected of and ultimately performed by Programmers.

20. For example, Programmers received training for the TIBCO suite of applications.

21. The TIBCO suite of applications consists of infrastructure software that companies use to, *inter alia*, automate their systems, data, process, business rules, and people.

22. A copy of Named Plaintiff's signed Employment Agreement is attached as Exhibit F.

23. Programmers also had job duties not specifically mentioned in the Employment Agreement.

24. For example, Programmers attended lectures related to Java software.

25. Defendant CSS required Programmers to maintain a regular workweek of forty (40) hours.

26. However, Programmers had to spend additional time outside of regular work hours studying, working on assignments, and preparing presentations.

27. As a result, Programmers' hours worked often exceeded forty (40) in a single week.

28. According to the Employment Agreement, Defendant CSS agreed to pay Programmers, as Programmer Trainees, a sum of $500 per month for the first four months of employment.

29. According to the Employment Agreement, Defendant CSS agreed to pay Programmers, as Programmer Interns, a sum of $1,500 per month for twelve months following the Programmer Trainee period.

30. At times relevant to this action, Defendant CSS was required to maintain accurate records of the hours worked by Programmers.

31. Defendant CSS chose not to record Named Plaintiff's work hours.

32. Moreover, at times relevant to this action, Defendant CSS did not have a mechanism whereby Named Plaintiff could check into or out of work.

33. Defendant CSS failed to maintain accurate records of Named Plaintiff's hours worked.

34. Therefore, Defendant CSS violated the recordkeeping provision of the FLSA, 29 U.S.C. § 211(c).

### COUNT ONE: WILLFUL FAILURE TO PAY PROGRAMMERS THE MINIMUM WAGE REQUIRED BY THE FLSA

35. At times relevant to this action, Defendant CSS was required to pay Programmers, including Named Plaintiff, the minimum wage pursuant to 29 U.S.C. § 206.

36. However, Named Plaintiff was not properly compensated for all hours worked.

37. For example, during months in which he was paid a sum of $500 per month, he was not compensated at the required minimum wage rate for certain hours worked.

38. Defendant CSS subjected other Programmers to the same policies and practices.

39. Defendant's decisions with respect to Programmers' compensation show a reckless disregard for Plaintiff's rights under the FLSA.

40. Moreover, Defendant lacked reasonable grounds for believing its pay practices with respect to Programmers comported with the requirements of the FLSA.

41. Defendant CSS's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

42. Pursuant to 29 U.S.C. § 216(b), Defendant CSS is liable to Programmers for three years of unpaid minimum wages, an equal amount as liquidated damages, and reasonable attorney's fees and costs of litigation.

### COUNT TWO: WILLFUL FAILURE TO COMPENSATE PROGRAMMERS AT THE OVERTIME PREMIUM RATE REQUIRED BY THE FLSA

43. At times relevant to this action, Defendant CSS was required to pay Programmers, including Named Plaintiff, at an overtime rate of not less than one

and one half times their regular rate for hours worked in excess of 40 per week pursuant to 29 U.S.C. § 207.

44. However, Defendant CSS failed to compensate Named Plaintiff for hours worked in excess of 40 per week at a rate of not less than one and one-half times his regular rate.

45. For example, Named Plaintiff was not compensated for hours worked on weekdays outside of his regular hours.

46. By way of further example, Named Plaintiff was not compensated for hours worked on weekends.

47. Defendant CSS chose not to compensate Named Plaintiff at the required overtime premium rate despite its knowledge that failure to pay an overtime premium rate was a violation of the FLSA given Plaintiff's job duties.

48. Defendant CSS subjected other Programmers to the same policies and practices.

49. At times relevant to this action, Programmers worked in excess of 40 hours per week.

50. At times relevant to this action, Programmers were not properly compensated for all hours worked, including those in excess of 40 per week.

51. Defendant CSS's failure to pay Programmers for all hours worked was without legal basis.

52. Defendant CSS's decisions with respect to Programmers' compensation show a reckless disregard for Programmers' rights under the FLSA.

53. Moreover, Defendant CSS lacked reasonable grounds for believing its pay practices with respect to Programmers comported with the requirements of the FLSA.

54. Defendant CSS'S failure to pay Programmers for all hours worked was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

55. Pursuant to 29 U.S.C. § 216(b), Defendant CSS is liable to Programmers for three years of unpaid overtime wages, an equal amount as liquidated damages, and reasonable attorney's fees and costs of litigation.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests that:

I. The Court certify this action as a collective action under the FLSA;

II. The Court enter judgment in favor of Named Plaintiff and others similarly situated who opt into this action;

III. The Court enter judgment against Defendant CSS that its violations of the FLSA were willful;

IV. The Court award all unpaid minimum wages to Named Plaintiff and others similarly situated who opt into this action as provided for by the FLSA;

V. The Court award all unpaid overtime wages to Named Plaintiff and others similarly situated who opt into this action as provided for by the FLSA;

VI. The Court award liquidated damages equal to the amount of all unpaid wages to Named Plaintiff and others similarly situated who opt into this action as provided for by the FLSA;

VII. The Court award reasonable costs and attorney's fees to Named Plaintiff and others similarly situated who opt into this action as provided for by the FLSA; and

VIII. Named Plaintiff and others similarly situated receive such other relief as the Court deems just and proper.

Respectfully submitted:   March 21, 2013.

MAYS & KERR LLC
229 Peachtree Street
International Tower | Suite 980
Atlanta, Georgia 30303
Telephone:  (404) 410-7998
Facsimile:   (404) 855-4066
john@maysandkerr.com

s/John L. Mays
John L. Mays, Esq.
Georgia Bar No. 986574

Counsel for Plaintiff